UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

**ELVIS EDWARD GALLARDO BUSTAMANTE**,

    Plaintiff,

vs.

**MARRERO CONSTRUCTION CORP. and
MARTIN MARRERO, JR.,**

    Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, ELVIS EDWARD GALLARDO BUSTAMANTE, through his undersigned counsel, and files this Complaint against Defendants MARRERO CONSTRUCTION CORP. and MARTIN MARRERO, JR., and states:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216.

2. The Plaintiff ELVIS EDWARD GALLARDO BUSTAMANTE was a resident of Broward County, Florida at the time the dispute arose and is *sui juris*.

3. The Defendant MARRERO CONSTRUCTION CORP. regularly transacts business in Broward County. The Defendant corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of employment ("the relevant time period").

4. The Defendant MARTIN MARRERO, JR. is the owner and/or manager of the Defendant corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time the dispute arose, the Defendants do business in Broward County, Florida, and the events giving rise to these claims occurred within Broward County, Florida.

6. Plaintiff worked for Defendants doing construction work from before January 1, 2010 through May 2, 2020.

7. The acts and/or omissions giving rise to this Complaint arose in Broward County, Florida.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION UNDER 29 U.S.C. §§ 201 - 216**

8. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

9. This action arises under the laws of the United States.

10. 29 U.S.C. § 207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendants as a construction worker.

12. Defendants are liable for overtime pay for the entire period of Plaintiff's employment or as much as allowed by the FLSA.

13. As a construction worker, Plaintiff was required to use tools and materials obtained from local, national, and international sources to construct buildings that were contracted for by customers who were local, national, and international residents.

14. Defendants' business activities involve those to which the FLSA applies.  Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the FLSA applies to Plaintiff's work for the Defendants.

15. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did, thus making Defendants' business enterprise covered under the FLSA.

16. Upon information and belief, the Defendant corporation had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, 2019, and likely will have gross sales in excess of $500,000 for the year 2020.

17. Throughout his employment with Defendants, Plaintiff worked more than 40 hours per week. Plaintiff worked approximately 60 hours per week for Defendants.

18. Plaintiff was paid $175 per day, regardless of how many hours he worked in a day or in a week. Plaintiff was not paid overtime for any hours over 40 per week, so he is owed half-time for all hours he worked over 40 each week, as required by the FLSA. Plaintiff, therefore, claims the half-time rate required by the Fair Labor Standards Act.

19. On average, Plaintiff worked 12 hours per day for five days per week.

20. The calculations for what Plaintiff is owed for half-time hours are as follows:

    $175/12 hours = $14.58/hr

    5 days per week @ 12 hours per day = 60 hours per week.

    Overtime rate not paid = $7.29/hr

    $7.29 x 20 hours per week = $145.80/wk

    $145.80 x 152 weeks = $22,161.60

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and refused to pay Plaintiff overtime wages. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants through Plaintiff's termination date of May 2, 2020.

    **WHEREFORE**, Plaintiff requests liquidated damages and reasonable attorneys' fees from Defendants under the FLSA and any other applicable authority, to be proven at time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the FLSA along with court costs, interest, and any

other relief that this Court finds reasonable under the circumstances.  **The Plaintiff demands a trial by jury.**

Respectfully submitted this 16th day of June, 2020,

**COANE AND ASSOCIATES, PLLC**

By: ___/s/ Lisa Kuhlman_____
**Lisa Kuhlman**
Florida Bar No. 978027
Email: lisa.kuhlman@coane.com
**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296
*ATTORNEYS FOR PLAINTIFF*

**Coane and Associates, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
*OF COUNSEL FOR PLAINTIFF*